JOSEPH REINFELD OR, IN THE ALTERNATIVE, S. L. DIS-
TRIBUTING COMPANY, RESPONDENT, v. SAMUEL R.
LADEN, APPELLANT.

Submitted March 22, 1923—Decided June 7, 1923.

1. The action in this case was brought by the plaintiff in the alterna-
tive under the provisions of *Pamph. L.* 1912, *p.* 378, ¶ 4. Which
plaintiff, if either, was entitled to recover was submitted by the
trial court to the jury to determine.
2. It is the settled and accepted practice that grounds of appeal
not argued in the brief will be taken as waived or abandoned.
3. It was not error for the trial court to refuse to nonsuit the
plaintiff or direct a verdict in favor of the defendant in this
case, as controverted questions of fact were involved.
4. It was not error for the trial judge to comment upon the testi-
mony in the charge to the jury.
5. The trial judge is not required to charge abstract principles of
law not applicable to the facts appearing in evidence, even though
they embody accurate statements of legal principles.

On appeal from the Essex County Circuit Court.

Before Justices KALISCH, BLACK and KATZENBACH.

For the appellant, *Harold Simandl.*

For the respondent, *Benjamin M. Weinberg.*

The opinion of the court was delivered by

BLACK, J. This action was instituted by Joseph Reinfeld,
or in the alternative, S. L. Distributing Co., a corporation,
against the defendant. The action is to recover $5,000 paid
as deposit by the plaintiff, or one of them, on account of the
purchase price of one thousand cases of Blue Grass whiskey.
The cause is laid in the alternative under the Practice act.
*Pamph. L.* 1912, *p.* 378, ¶ 4.

The complaint contains two counts. The first count
alleges a fraudulent procuration of the $5,000 from the

plaintiff Reinfeld, or in the alternative, S. L. Distributing Company. The second count demands the $5,000 for money had and received by the defendant for the use of the plaintiff, or one of them. Also, prays, that the court may determine which one of the plaintiffs is entitled to recover the $5,000 from the defendant.

The answer is a general denial to each count, also, a separate defence and counter-claim—*first,* that the plaintiffs refused to accept a delivery of the balance of the Blue Grass whiskey purchased, claiming damages in the alternative of $25,000; *second,* plaintiff is unable to accept delivery of the Blue Grass whiskey by reason of a failure to comply with the National Prohibition act and the rules and regulations issued pursuant thereto and promulgated thereunder, claiming damages in the alternative of $25,000 on this count. The trial resulted in a verdict for the plaintiff S. L. Distributing Company and against the defendant for the sum of $5,441.67, and against the plaintiff Joseph Reinfeld. The trial judge limited the jury in considering the plaintiffs' case to two questions—*first,* which one of the plaintiffs, if either, is entitled to recover; *second,* whether or not the plaintiff was induced to part with his money by the fraudulent misrepresentations of the defendant. This, also, includes the question, whether or not the defendant was the agent of the owners of the distillery producing Blue Grass whiskey. On the defendant's counter-claim, the court submitted to the jury the question, whether the defendant was able, willing and ready to deliver the cases of whiskey called for in the purchase, also, whether he was prevented from doing so, because the failure of the plaintiffs to furnish him the permit on form No. 1410 as required by the regulations. On this issue the jury found against the defendant. The defendant appeals and files fourteen grounds of appeal. The first nine, except No. 3, is alleged error in admitting or rejecting evidence. Those referred to in the brief are No. 1, as point 10, in the brief; No. 5 as point 11 in the brief; No. 8 as point 7 in the brief; No. 9 as point 8 in the brief. These

are without legal merit. They call for no discussion. The other grounds of appeal not mentioned or referred to in the brief are not discussed, because it is the settled and accepted practice that grounds of appeal not argued in the brief will be taken as waived or abandoned. *Manda* v. *United States Express Co.,* 85 *N. J. L.* 720; *E. Clemens Horst Co.* v. *Peter Breidt City Brewery,* 94 *Id.* 230; *Petrie* v. *Rosenvinge, Id.* 521; *Bahrey* v. *Poniatishin,* 95 *Id.* 128. Therefore, they are not considered.

Nos. 3 and 10; error in refusing to nonsuit the plaintiff or direct a verdict in favor of the defendant. Our examination of the record leads us to the conclusion that it was not error for the trial judge to deny these motions. Questions of fact were involved, which should be submitted to the jury. *Bingham* v. *Fish,* 86 *N. J. L.* 316.

Nos. 12, 13 and 14; error in the charge of the trial court. No exception or objection was made to that portion of the trial judge's charge, alleged as error in No. 13, so that will not be considered. *Leiferant* v. *Progressive Agency, ante, p.* 526.

Nos. 12 and 14 were comments upon the testimony. This the trial judge had the right to make so long as he left it to the jury to determine the facts and draw their own conclusions. *Manda* v. *Delaware, &c., Railroad Co.,* 89 *N. J. L.* 327; *Foley* v. *Loughran,* 60 *Id.* 464.

No. 11; error in refusing to charge the first, second, ninth, eleventh and twelfth request of the defendant.

It is the defendant's false representations that are made the basis of the action. The contract was an executory one; it will not be presumed that the plaintiff was going to engage in an unlawful act. Requests to charges No. 1 and No. 9 refer to illegal contracts. These are not applicable to the case as made in the record. The trial judge is not required to charge abstract principles of law not applicable to the facts appearing in evidence, even though they embody accurate statements of legal principles. *Ploeser* v. *Central Railroad Co. of New Jersey,* 92 *N. J. L.* 490. Nos. 2, 11

and 12 were substantially covered by the trial judge in the charge as far as they were applicable. The refusal to charge these requests as formulated was not error.

Finding no error in the record, the judgment of the Essex Circuit Court is affirmed.